*107 OPINION.
Teammeul :
The material facts have been stipulated by the parties, the stipulation in full being incorporated herein by reference and accepted as the facts. The above findings of fact contain what we deem to be the material facts. Predicated thereon three separate issues have been formally presented for decision, as set out in the preliminary statement above. The petitioners were affiliated and filed consolidated returns for each of the taxable years, but the issues presented pertain only to deductions claimed by the petitioner, the United Oil Company, from its gross income for the respective taxable years, and in no wise involve the tax liability of the petitioner, Rich-field Oil Company, except in so far as it may be affected by the allocation, on the basis stipulated, of the deficiency as finally redetermined by the Board, if any, for the calendar year 1924.
The United Oil Company claimed deductions in computing net income for the taxable years 1923, 1924 and 1925 on account of depreciation sustained on its oil wells on the basis of including in the total cost of the wells not only the cost of the physical equipment, but also amounts expended for wages, fuel, repairs, hauling, etc., in connection with the development and drilling of such wells. Apparently the respondent has allowed deductions for depreciation on the *108 basis of the cost of tbe physical equipment only, and now contends that the incidental expenditures made in connection with the development and drilling of the wells are not subject to depreciation, but should be added to the cost of the leases subject to depletion. This same question runs through all three issues submitted, and they may therefore be considered collectively rather than separately.
During the years 1923 and 1924 the petitioner abandoned certain wells which had theretofore produced oil but had become dry in those years. In the consolidated returns for 1923 and 1924 the petitioner claimed deductions for such losses on the basis of including the depreciated cost not only .of the physical equipment, but also of the amounts expended in connection with the development and drilling of the wells. The respondent allowed deductions for the losses only to the extent of the depreciated cost of the physical equipment.
In 1925 petitioner abandoned (1) wells which had theretofore produced oil but became dry in that year, and (2) wells which had never produced oil but were dry holes when finally abandoned in that year. The respondent has allowed no deductions for losses on. account of the abandonment of such wells in 1925, and the petitioner contends that in the redetermination of the deficiency for that year it is entitled to deductions for losses on the basis of including not only the depreciated cost of the physical equipment, but also amounts expended in connection with the development and drilling of the wells.
The precise question, which in essential aspects is raised in reference to the three classes of deductions here claimed by the petitioner, was considered by us at length in A. T. Jergins Trust, 22 B. T. A. 551, where we held that expenditures for fuel, wages, repairs, hauling, etc., in connection with the drilling of oil and gas wells, are capital expenditures recoverable through depreciation rather than depletion. That case involved deductions claimed for the years 1922, 1923 and 1924, under the Revenue Acts of 1921 and 1924.
The decision in the Jergins case was followed by us in Petroleum Exploration, 23 B. T. A. 890, under the Revenue Act of 1926, and in Albert W. Ziegler et al., 23 B. T. A. 1091, under the same act.
It follows that at least the first issue presented here is governed squax-ely by the foregoing decisions, on authority of which the petitioner’s contention must be sustained.
"We think the same view must prevail also in respect to the second and third issues. No brief has been filed in this case by the respondent and we are not advised of his position other than as disclosed by the deficiency letters and the stipulation of facts. We do not know, therefore, what reasons moved the respondent to allow deductions *109 for losses sustained on abandonment of wells in 1923 and 1924 to the extent of the depreciated cost of the physical equipment, and to deny similar deductions for 1925. As indicated in our decisions above cited, the applicable provisions of the revenue acts governing the three years mentioned are in all material respects identical.
Losses sustained on account of the abandonment of oil wells constitute allowable deductions from income for the year or years in which abandoned, and this principle has been specifically recognized by the respondent. Belridge Oil Co., 11 B. T. A. 127, 137.
In connection with the second and third issues, there remains only the question whether the basis for computing losses sustained on abandonment of oil wells should be the depreciated cost of the physical equipment only, or whether such basis should include also the expenditures made in connection with the development and drilling of such wells. Since we have decided that development and drilling expenses properly constitute a part of the cost of the wells for the purpose of computing deductions for depreciation, we know of no reason why such expenditures should not be treated as a part of the cost of the wells in determining loss sustained on abandonment.
The amounts of the additional deductions to which the petitioner is entitled have been stipulated by the parties and set out in our findings of fact above. The deficiences will be redetermined accordingly.

Judgments will be entered under Bule 50.